# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DISTRICT OF COLUMBIA

NELSON MANUEL CERROS RODRIGUEZ
c/o 519 H Street NW
Washington, DC 20001

      Plaintiff,

v.                                                                    Civil Action No. _____

CHINA, LLC
d/b/a MEIWAH RESTAURANT
1200 New Hampshire Avenue NW
Washington, DC 20036

      Defendant.

## **COMPLAINT**

1.      Defendant employed Plaintiff at its Chinese restaurant in Washington, DC. Defendant paid Plaintiff a flat salary that denied him minimum and overtime wages.

2.      Plaintiff brings this action to recover damages for Defendant's willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code § 32-1001 *et seq.*, and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## **Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5.      Plaintiff Nelson Manuel Cerros Rodriguez is an adult resident of the District of Columbia.

6.      Defendant China, LLC is a District of Columbia corporate entity. China, LLC does business as Meiwah Restaurant. China, LLC's principal place of business is located at 1200 New Hampshire Avenue NW, Washington, DC 20036. China, LLC's resident agent for service of process is Alisa M. La, 5510 Muncaster Mill Road, Derwood, MD 20855.

## Factual Allegations Specific to Plaintiff Cerros Rodriguez

7.      Mr. Cerros Rodriguez worked at Meiwah from approximately July 1, 2012 through approximately November 30, 2016.

8.      Mr. Cerros Rodriguez worked as a line cook.

9.      Mr. Cerros Rodriguez's job duties primarily consisted of cutting vegetables and meats, preparing and cooking meals, and cleaning his work station.

10.      Mr. Cerros Rodriguez typically and customarily worked overtime.

11.      Mr. Cerros Rodriguez worked approximately 60 to 72 hours a week.

12.      Prior to January 1, 2016, Mr. Cerros Rodriguez typically worked 6 days a week.

13.      Prior to January 1, 2016, Mr. Cerros Rodriguez's typical weekly schedule was approximately as follows:

|  | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|
| Sunday | Off | | |
| Monday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Tuesday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Wednesday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Thursday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Friday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Saturday | 11:00 a.m. - 11:00 p.m. | None | 12.0 Hours |
|  |  | **Total Hours** | **72.0 Hours** |

14.     From January 1, 2016 through November 30, 2016, Mr. Cerros Rodriguez typically

worked 5 days a week.

15.     From January 1, 2016 through November 30, 2016, Mr. Cerros Rodriguez's typical

weekly schedule was approximately as follows:

|  | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
|---|---|---|---|
| Sunday | Off | | |
| Monday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Tuesday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Wednesday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Thursday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Friday | 10:30 a.m. - 10:30 p.m. | None | 12.0 Hours |
| Saturday | Off | | |
|  |  | **Total Hours** | **60.0 Hours** |

16.     Since December 1, 2013, Plaintiff Cerros Rodriguez has worked a total of approximately

4,080 overtime hours.

17.     Plaintiff Cerros Rodriguez was paid a semimonthly salary.

18.     Plaintiff Cerros Rodriguez was paid the following semimonthly salaries:

| **Approximate Date Range** | **Semimonthly Salary** | **Equivalent Hourly Rate** |
|---|---|---|
| Dec. 1, 2013 - Jun. 30, 2014 | $900.00 | $6.25 (at 72 hours per week) |
| Jul. 1, 2014 - Dec. 31, 2014 | $950.00 | $6.60 (at 72 hours per week) |
| Jan. 1, 2015 - Jun. 30, 2015 | $1,000.00 | $6.94 (at 72 hours per week) |
| Jul. 1, 2015 - Nov. 30, 2015 | $1,100.00 | $6.60 (at 72 hours per week) |
| Dec. 1, 2015 - Nov. 30, 2016 | $1,200.00 | $6.94 (at 60 hours per week) |

19.     Prior to December 2015, Mr. Cerros Rodriguez was paid in cash.

20.     In October 2015, undersigned counsel filed a lawsuit against Defendant, alleging similar violations of federal and District of Columbia wage and hour law. When that lawsuit resolved, Defendant started paying its kitchen staff by cash *and* check.

21.     Thus, starting on December 2015, Mr. Cerros Rodriguez was no longer paid a flat salary completely in cash — he was paid half his salary by check, and half in cash.

22.     For example, for December 2015, Mr. Cerros Rodriguez was paid $1,200.00 in cash and $1,200 by a check.

23.     However, Defendant was always late in tendering its checks to Mr. Cerros Rodriguez. For example, Mr. Cerros Rodriguez did not receive the following $1,200.00 check for work performed in December 2015 until approximately January 15, 2016.

CHINA LLC * WASHINGTON, DC 20036

| CHECK NO. | SOCIAL SECURITY NO. | EMPLOYEE NAME | NUMBER | 327 | STATUS F M 03 S 03 | DEPT/CLASS | DATE |
|---|---|---|---|---|---|---|---|
| 100017 | XXX-XX-7605 | NELSON CERROS RODRIGUEZ | | | | | 01/15/2016 |

| EARNINGS | | | | TAXES | | | MISCELLANEOUS DEDUCTIONS | | |
|---|---|---|---|---|---|---|---|---|---|
| TYPE     $/hr | hrs | CURRENT | YTD | TYPE | CURRENT | YTD | TYPE | CURRENT | YTD |
| Gross Wages | | 1200 00 | 1200 00 | MCWH | 17 40 | 17 40 | | | |
| Total Wages | | 1200 00 | 1200 00 | SSWH | 74 40 | 74 40 | | | |
| | | | | SITW | 30 75 | 30 75 | | | |
| TOTALS | | 1200 00 | 1200 00 | | 122 55 | 122 55 | | 0 00 | 0 00 |
| NETPAY | | 1077 45 | 1077 45 | Period 12/01/15-12/31/15 | | | | | |

24.     Defendant did not itemize on its paystubs, or on any other document, the number of hours Mr. Cerros Rodriguez worked (D.C. Code § 32-1008 (b) requires that employers provide employees with statements that itemize the actual number of hours worked and the amounts paid per hour).

4

25.     Over the course of his employment, Mr. Cerros Rodriguez was never paid the minimum wage.

26.     Over the course of his employment, Mr. Cerros Rodriguez was never paid an overtime premium for his overtime hours.

27.     For Mr. Cerros Rodriguez's work in the three years preceding the filing of this complaint, Defendant owes Mr. Cerros Rodriguez approximately **$50,399.55** in unpaid minimum and overtime wages.

28.     Defendant had the power to hire and fire Mr. Cerros Rodriguez.

29.     Defendant had the power to control Mr. Cerros Rodriguez's work schedule.

30.     Defendant had the power to supervise and control Mr. Cerros Rodriguez's work.

31.     Defendant had the power to set Mr. Cerros Rodriguez's rate and manner of pay.

32.     Defendant was aware that it was legally required to pay Mr. Cerros Rodriguez one and one-half times Mr. Cerros Rodriguez's regular rate for all hours worked in excess of 40 hours in any one workweek.

33.     Defendant was aware that it was legally required to pay Mr. Cerros Rodriguez the applicable minimum wage.

34.     Defendant was aware that it was legally required to timely pay Mr. Cerros Rodriguez all wages legally due to Mr. Cerros Rodriguez.

35.     Defendant failed to provide Mr. Cerros Rodriguez with notice of Mr. Cerros Rodriguez's employer's name, address, telephone number, rate of pay, and his regular payday, as required by D.C. Code § 32-1008(c).

36.     Defendant did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

37.     Defendant did not provide Mr. Cerros Rodriguez with actual or constructive notice of his employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

## COUNT I

### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

38.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

39.     Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

40.     The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

41.     The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

42.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

43.     Defendant violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

44.     Defendant violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

45.     Defendant's violations of the FLSA were willful.

46.     For Defendant's violations of the FLSA, Defendant is liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II

**FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA**

47.    Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

48.    Defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

49.    The DCMWA required that employers pay non-exempt employees at least $8.25 per hour from 2010 through June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, $10.50 per hour from July 1, 2015 through June 30, 2016, and $11.50 per hour from July 1, 2016 through the present. D.C. Code § 32-1003(a).

50.    The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. D.C. Code § 32-1003(c).

51.    Defendant violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff.

52.    Defendant violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

53.    Defendant's violations of the DCMWA were willful.

54.    For Defendant's violations of the DCMWA, Defendant is liable to Plaintiff for unpaid minimum and overtime wages, an amount equal to three times the unpaid minimum and overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

### FAILURE TO PAY WAGES UNDER THE DCWPCL

55.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

56.     Defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1).

57.     The DCWPCL requires employers to timely pay all wages legally due their employees on regular paydays. D.C. Code § 32-1302.

58.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

59.     For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

60.     Defendant violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages earned, including minimum and overtime wages.

61.     Defendant's violations of the DCWPCL were willful.

62.     For Defendant's violations of the DCWPCL, Defendant is liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant, on all counts, in the current total amount of **$207,822.00**, and grant the following relief:

a.    Award Plaintiff $201,598.20, consisting of the following overlapping elements:

    i.    unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

    ii.    unpaid District of Columbia minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

    iii.    unpaid minimum and overtime wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b.    Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c.    Award Plaintiff attorney's fees and expenses computed pursuant to the matrix approved in Salazar v. District of Columbia, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $5,823.80);

d.    Award Plaintiff court costs (currently, $400.00); and

e.    Award any additional relief the Court deems just.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, the Plaintiff demands a jury trial on all issues so triable.

Date: December 5, 2016    Respectfully submitted,

<u>/s/ Justin Zelikovitz, Esq.</u>
Justin Zelikovitz, #986001
LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*